UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY FERRINGTON | CIVIL ACTION |
| VERSUS | NO: 12-588 |
| MCMORAN EXPLORATION CO., ET AL. | SECTION: "A" (4) |

### ORDER

Before the Court is a **Motion for Review of Magistrate Judge's Decision (Rec. Doc. 76)** filed by McMoRan Oil & Gas, LLC. Plaintiff Terry Ferrington opposes the motion. The motion, scheduled for submission on August 28, 2013, is before the Court on the briefs without oral argument.[1]

McMoRan challenges the magistrate judge's order denying its motion to compel Ferrington to produce his tax returns and social security disability claim records. (Rec. Docs. 68 & 80). Magistrate Judge Roby issued a well-reasoned opinion explaining the denial.[2] Judge Roby noted that the tax return request was overbroad and that McMoRan already had the pertinent pay data in its possession. (Rec. Doc. 80 at 6). With respect to the social security records, McMoRan could not articulate why it required social security records for the last ten years in light of

---

[1] Oral argument has been requested but the Court is persuaded that the parties' briefing is more than adequate in light of the issues presented.

[2] The Court notes that the reasons were filed into the record *after* McMoRan filed its objection.

Ferrington's disability having occurred in 2011 and in light of the full access to medical records that McMoRan has already been given. (Rec. Doc. 80 at 7).[3]

The Court considers McMoRan's challenges to the ruling in the context of Rule 72 which requires the Court to modify or set aside any part of an order that is clearly erroneous or contrary to law. Fed. R. Civ. Pro. 72(a); 28 U.S.C. § 636(b)(1)(A). McMoRan has not demonstrated that Magistrate Judge Roby's ruling was clearly erroneous or contrary to law.

After the motion was under submission McMoRan moved for leave to file yet another memorandum in support of its challenge (Rec. Doc. 99). In that memorandum McMoRan points out that Ferrington has argued to the Court that he has no intention of introducing tax records in support of his claims yet Ferrington nonetheless recently filed his exhibit list and listed his tax returns. McMoRan contends Plaintiff has been engaging in this type of behavior throughout the litigation. (*Id.*). McMoRan argues that this alone should persuade the Court to order Ferrington to produce the disputed records. (*Id.*).

The Court reviewed Ferrington's exhibit list (Rec. Doc. 91) after reading McMoRan's supplemental memo and was astonished to find that the first trial exhibit listed is "Plaintiff's tax

---

[3] Moreover, the magistrate judge alluded to the fact that the discovery requests themselves were not absolutely clear as to what McMoRan had been seeking. (Rec. Doc. 80 at 6-7).

returns . . . .," although the specific years are not mentioned. Given that Ferrington intends to use his tax returns as trial exhibits they must be produced. While the Court does believe that ten years worth of returns is overbroad, the Court will allow McMoRan to obtain the records for 2008 through present.[4] This span of time should give McMoRan's economic expert a sufficient time base to perform calculations.

Accordingly;

**IT IS ORDERED** that the **Motion for Review of Magistrate Judge's Decision (Rec. Doc. 76)** filed by McMoRan Oil & Gas, LLC is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Ferrington's tax returns from 2008 through present and **DENIED** as to the social security claims file. <u>**On or before Friday, October 4, 2013**</u>, Ferrington shall either produce the tax returns or execute the appropriate authorization to allow McMoRan to obtain them.

September 23, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[4] Ferrington must produce the tax returns from 2008 through present even if he only intended to use a subset of these years at trial. Moreover, Ferrington must now produce the tax returns even if he opts to withdraw the exhibit from his trial list.