UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRY FERRINGTON                                    CIVIL ACTION

VERSUS                                              NO: 12-588

MCMORAN EXPLORATION CO., ET                         SECTION: "A" (4)
AL.

**ORDER**

The following motions are before the Court: **Motion for partial Summary Judgment (Rec. Doc. 117)** filed by Danos & Curole Marine Contractors, LLC and a **Motion for partial Summary Judgment (Rec. Doc. 118)** filed by McMoRan Oil & Gas, LLC. Both motions are opposed. The motions, scheduled for submission on December 4, 2013, are before the Court on the briefs without oral argument.

I.    **Background**

On March 6, 2011, plaintiff Terry Ferrington sustained serious personal injuries while employed by Danos & Curole Marine Contractors, LLC aboard a fixed oil production platform (EI 217 B) located on the Outer Continental Shelf off the coast of Louisiana. Ferrington was attempting to discard a large and heavy bag of trash in a dumpster located on the platform when the lid of the dumpster fell onto his head. (Rec. Doc. 1, Original Comp. ¶ 6). Ferrington received severe head and spinal injuries that ultimately led to partial paraplegia. (*Id.*). McMoRan Oil & Gas, LLC owned the platform and dumpster. Cenla Oilfield Fabricators, LLC had manufactured the dumpster for McMoRan. (Rec. Doc. 20, SAC ¶ II).

Ferrington filed suit against McMoRan and Cenla. The defendants then filed various cross claims and third party demands. The parties agree that Louisiana law governs the

1

claims. The case will be tried to a jury on February 3, 2014. (Rec. Doc. 66, Minute Entry 6/17/13).

## II.    <u>Discussion</u>

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

### *Motion for Partial Summary Judgment by Danos & Curole (Rec. Doc. 117)*

Danos & Curole moves for partial summary judgment regarding McMoRan's indemnity claims in the event that the jury awards Ferrington damages against McMoRan. In other words, the motion addresses McMoRan's claim for indemnity for damages for which it may be found liable to Ferrington. Danos contends that his issue is ripe for determination. (Rec. Doc. 117-2, Memo at 1).

Danos & Curole's motion is based on its belief that the Louisiana Oilfield Anti Indemnity Act ("LOAIA") voids the defense and indemnity obligations contained in the parties' July 27, 2007 Master Services Agreement ("the MSA"). Danos & Curole's contentions regarding contractual indemnity turn on the issue of whether the MSA is an agreement "pertaining to a well."

In opposition, McMoRan argues *inter alia* that far too many genuine issues of material fact exist as to whether the MSA pertains to a well so as to trigger application of the LOAIA.

The motion is DENIED because genuine issues of fact aside, the highly fact-intensive legal question of whether the MSA pertains to a well will be far easier for the Court to resolve following the presentation of all the evidence in the case at trial. Moreover, because the motion pertains solely to indemnity for damages, the issue presented by the motion will be mooted if the jury does not assign any fault to McMoRan. In essence, the motion seeks an advisory opinion from the Court, which the Court considers a waste of judicial resources in light of the fast-approaching February 3, 2014 trial date, the fact that the Court has permitted the parties to notice *Daubert* motions out-of-time in January, and the fact that this case is estimated to take 10 days to try to a jury.

### Motion for Partial Summary Judgment by McMoRan (Rec. Doc. 118)

McMoRan moves for summary judgment in its favor ordering Cenla to provide McMoRan with defense, indemnity, and reimbursement for defense costs incurred to date in this matter. McMoRan argues that the parties' 2004 Master Work or Service Agreement ("the MSA") was the agreement under which Cenla manufactured the dumpster and that this agreement obligated Cenla to procure insurance coverage to protect McMoRan in circumstances like those alleged in Ferrington's complaint, and to name McMoRan as an additional insured. According to McMoRan *the facts* surrounding Ferrington's injuries trigger

3

Cenla's insurance obligations under the MSA. And Cenla having failed to comply with its contractual obligations to procure insurance and name McMoRan as an additional insured, must now personally reimburse McMoRan for defense costs and provide ultimate indemnity in this matter.

The motion is DENIED. McMoRan's arguments rely far too heavily on the allegations of Ferrington's complaint and McMoRan's obvious belief that Cenla was completely at fault for Ferrington's accident. But McMoRan's own evidence clearly indicates that Cenla received input from McMoRan personnel when designing the dumpster. (Rec. Doc. 118-6, Exhibit 3, 30(b)(6) Deposition of Cenla). And McMoRan's personnel knew that Cenla had no expertise with designing offshore dumpsters and that the representative working with McMoRan was not an engineer. (*Id.*). The jury will decide if Cenla and/or McMoRan are liable to Ferrington and if so in what proportions. It's not likely that the jury would find McMoRan to be solely at fault for the accident but the jury has yet to speak. Until then, McMoRan's motion is premature.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for partial Summary Judgment (Rec. Doc. 117)** filed by Danos & Curole Marine Contractors, LLC and the **Motion for partial Summary Judgment (Rec. Doc. 118)** filed by McMoRan Oil & Gas, LLC are **DENIED**.

December 23, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE